BARKETT, Justice.
We have for review Board of Trustees of the Internal Improvement Trust Fund v. Stevens, 472 So.2d 1287 (Fla. 2d DCA 1985). The Second District certified the following question as being of great public importance:
Can section 712.03(7) [Florida Statutes (Supp.1978) ] be applied retroactively?
Id. at 1290. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In July 1983, respondents filed a quiet title action alleging that the Marketable Record Title Act (MRTA) extinguished the state’s title in the lands in question. The state maintained the lands were sovereignty lands exempt from MRTA by virtue of section 712.03(7). To avert a fact issue that would preclude entry of summary judgment, the Stevenses stipulated that the lands were sovereignty lands so the trial court could rule on their motion for summary judgment. The trial court granted the Stevenses’ motion for summary judgment, applying MRTA and holding that the Board of Trustees held no title to or interest in the filled lands. The Second District affirmed.
Our recent decision in Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla.1986), moots the question certified in this case. In Coastal Petroleum, we held that the Marketable Record Title Act, chapter 712, Florida Statutes, as originally enacted and subsequently amended by section 712.03(7) in 1978, is not applicable to sovereignty lands. Thus, we need not decide whether section 712.03(7) can be applied retroactively.
Accordingly, we quash the decision below on the authority of Coastal Petroleum, and remand this cause to the Second District with directions that it be remanded to the trial court for further proceedings.
It is so ordered.
McDonald, C.J., and ADKINS, OVER-TON, EHRLICH and SHAW, JJ., concur.
BOYD, J., dissents with an opinion.